## INSTRUCTIONS TO JURY IN ACTION FOR PERSONAL INJURIES.

Circuit Court of Hamilton County.

CINCINNATI TRACTION COMPANY v. JOHN OBERSCHMID.

Decided, March 30, 1908.

*Negligence—Preponderance of Evidence—Charge of Court—Error—Proximate Cause.*

A charge of court is erroneous which permits the plaintiff to recover on a preponderance of the evidence, regardless of his own possible negligence, and without the negligence of the defendant being the direct or proximate cause.

*Kinkead, Rogers & Ellis,* for plaintiff in error.
*F. H. Freericks,* contra.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

The first ground of error urged is that the verdict below is against the weight of the evidence, but upon an examination of the record we do not think this is well taken.

The second ground is that the court erred in giving special charges Nos. 1 and 2.

According to charge No. 1, the sole evidence required to defeat plaintiff's claim was such as was shown by a "preponderance" of the evidence offered either by the plaintiff or by the defendant, while as a matter of law, if plaintiff's evidence raised a presumption of negligence that contributed directly to the injury, and this was not removed, then plaintiff would not be entitled to recover. We think without this element being present in the charge, that it was error to give the charge as appears in the record.

Special charge No. 2 is, we think, also erroneous, in that it does not correctly state the rule under which plaintiff could recover; for while the injury to plaintiff might have been due to negligence on the part of defendant, yet the plaintiff himself must be free from negligence, and this is omitted from the charge.

As given in the record, the charge permits the plaintiff to recover damages even though he was at fault himself, and without the defendant's negligence being the direct or proximate cause of the injury.

We do not think the objections raised to the portions of the general charge on pages 6 and 8, even if erroneous, are prejudicial to plaintiff in error.

It would have been better perhaps to have stated the matter of the "sudden jerk" of the car differently, but as the charge as a whole fairly sets forth the law of negligence, we find no prejudicial error therein.

Judgment reversed.