## ADKINS v STATE

Ohio Appeals, 2nd Dist, Madison Co

No 109. Decided Nov 25, 1933

Thomas H. Clark, Columbus, for plaintiff in error.

Edwin Judy, of the Division of Securities, Columbus, Howard Black, Prosecuting Attorney, Plain City, and D. M. Richmond, Ass't Prosecuting Attorney, London, for defendant in error.

## OPINION

By HORNBECK, PJ.

Error is prosecuted by the plaintiff. Several grounds are set up in the petition, but in the brief but two are urged.

(1) That the verdict and judgment were contrary to and against the manifest weight of the evidence.

However, counsel for plaintiff concedes that there was a disputed question of fact upon which the jury had the right in its province to find against the claim of the plaintiff. This conclusion is inevitable from the record. Counsel had the opportunity to present to the jury the improbability of the story of the prosecuting witness and her brother and no doubt availed himself of this opportunity in his usual capable and forceful manner. Notwithstanding, the jury resolved the testimony against plaintiff.

The second proposition and the one upon which most reliance is placed is that the court prejudiced the rights of the plaintiff in admitting, over his objection the transcript of testimony of Mr. Adkins taken before the Division of Securities of Ohio on December 20, 1932. This evidence was introduced through Mr. Edwin Judy, attorney for the Division of Securities, who testified as preliminary to the admission of testimony of Adkins that it was taken in the matter of the registration for sale of preferred stock of Lambers Art Metal, Inc.; that he was present at the hearing and conducted the majority part of the examination of the witnesses; that Mr. Lambert, President of the Lambert Art Metal, Inc., and Mr. Adkins were present and both testified voluntarily. Over objection the testimony of Mr. Adkins so taken was admitted in its entirety.

It is the claim of counsel for the plaintiff that the testimony of Mr. Adkins before the Securities Division was not voluntarily given but was forced under compulsion of the statute, §8624-28 GC, which authorizes the Division of Securities when it appears that any person has engaged in, is engaged in, or is about to engage in any practice declared to be illegal or prohibited by this act, or defined as fraudulent anywhere in this act, or any other deceptive scheme or practice in connection with the sale of securities to require such person to appear and under oath to testify producing such books, records and papers as the Division may demand; that the Division has the power to suspend the license of any licensed dealer or salesman and to revoke such license if it determines that it be

necessary and finally to initiate criminal action against any person so appearing and testifying.

It is asserted by counsel for plaintiff that the record clearly discloses that Adkins was testifying before the Division of Securities under the provisions of the section from which we have just quoted; that obviously with the knowledge of the power of the commission to suspend and revoke his license, to punish him for contempt and to initiate criminal proceedings against him, he was not testifying voluntarily but under the threat which was present in the known power of the Division of Securities to operate against him to his marked disadvantage; that inasmuch as Mr. Adkins was not apprised of his constitutional right to refuse to be a witness against himself—to incriminate himself—he was denied his constitutional rights.

An examination of the record discloses that the ground upon which it is claimed in this court, that the trial court erred in admitting the testimony, was not presented in the trial court. The sole objection there made was that the testimony proffered and offered by Mr. Judy was in no part nor in its entirety pertinent to any issue in the cause. We are of opinion that if the testimony was admissible as being pertinent to any controversy arising from the indictment against the plaintiff, then the court did not err, although it might be objectionable in another particular which was not called to the attention of the trial court. **Penn. Co. v Mahoney, 22 O.C.C., 469.**

This is the situation appearing upon the record. The trial court did not have the opportunity to consider and determine the legal question which is presented to this court on the error proceedings.

We have read the record of Mr. Adkins' testimony before the Division of Securities and find that there is very little of it that would, in our judgment, have any weight whatever with the trial court. In the abstract it was admissible, insofar as it tended to show that if it had that effect, that any representations set up in the indictment were made by Mr. Adkins to Miss Ware, if they were false and known by him to be false when made. There are a few instances wherein the statement seems to bear upon this subject matter.

The character of the questioning with the exception of the last two pages thereof would indicate that the inquiry of Mr. Adkins was personal and directed to some dereliction of duty upon his part as a salesman and not for the purpose of eliciting

anything of value representing the registration for sale of the preferred stock of the Lambert Art Metal, Inc.

The last two pages of the inquiry were pertinent to that question and seem to support the theory of Mr. Judy of the purpose for which the testimony was taken.

However, we do not feel justified in determining solely upon the record as we have it, that Mr. Adkins was under compulsion though examined by virtue of §8624-28 GC. We would not be supported in the conclusion that Mr. Adkins did not testify voluntarily because to do so we would have to rely entirely upon the implications suggested by counsel growing out of the statute. Mr. Adkins himself did not testify that he was under any compulsion in making his statements before the Division. Nothing in his testimony there sugegsts it. nor does it appear from any other source.

We, therefore, are of opinion without discussing the several authorities cited by counsel for the parties, because not required, that there is no sufficient showing that Mr..Adkins was under compulsion when he testified before the Securities Division as to require us to invoke his constitutional privilege in his behalf against the admission of the testimony. Further, we do not find the claimed error well made in this court, because it was not presented to the trial court and as the testimony was admissible as against the objection urged in the trial court the plaintiff was not prejudiced thereby.

Judgment of the trial court will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.